William E. Perry and William E. Perry, Inc., Appellants, *v.* Commonwealth of Pennsylvania, State Real Estate Commission, Appellee.

Argued January 10, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR. and BLATT, sitting as a panel of three.

*C. Barry Buckley,* for appellants.

*Robert D. Chamberlain, Jr.,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., March 10, 1975:

This appeal is from an order of the Commonwealth of Pennsylvania, State Real Estate Commission's (Commission) six month suspension of the Real Estate Brokers' Licenses of William E. Perry and William E. Perry,

Inc. (hereinafter referred in the singular as Appellant).[1] We allowed a supersedeas of that order pending final determination.

On sworn statement of complaint filed by Robert Schaefer (Complainant) the Commission issued a citation and notice of hearing on October 1, 1973, against Appellant and Louis J. Beemer, and in accordance with the Real Estate Brokers' License Act of May 1, 1929, P.L. 1216, *as amended,* 63 P.S. §440 et seq. and the Administrative Agency Law, Act of June 4, 1945, P.L. 1388, *as amended,* 71 P.S. §1710.1 et seq. a hearing was held. The complaint alleged, *inter alia,* violations of Section 10(a) subsections (1), (2), (3), (5), (7), (9) of the Real Estate Brokers' License Act, 63 P.S. §§440(a)(1), (a)(2), (a)(3), (a)(5), (a)(7), (a)(9).

Briefly summarized, the facts leading to the filing of this complaint are as follows: In March of 1969, Complainant came to Appellant's office and indicated an interest in purchasing real estate in Chester County. Appellant suggested a property which was titled in part in William E. Perry. Complainant viewed the property and it seemed acceptable, but recognizing the prospect of difficulty in obtaining a mortgage, he told Appellant's salesman, Beemer, that he would make an offer subject to a 7% mortgage contingency, and a 30% down payment clause. Beemer agreed and Appellant, William E. Perry, then prepared an agreement of sale which omitted the mortgage contingency clause. The record does not tell us precisely why it was not included in the agreement of sale (which Complainant executed without a full reading), but suffice it to say that Beemer and Appellant reached some sort of impasse on the subject of the clause's inclusion, and it was not included in the final

---

1. The order also suspended the Salesman's License for a period of 15 days, of Louis J. Beemer, who was employed by Appellant, William E. Perry, Inc. That portion of the order is not appealed in the present action.

formal agreement. Complainant executed the agreement of sale but Appellant failed to deliver a copy until Complainant's insistence a few days prior to settlement. It was then that the absence of the mortgage contingency clause was discovered. When Complainant was unable to obtain the necessary financing, Appellant invoked a forfeiture provision in the agreement and retained the down payment.

Commission found Appellant in violation of Sections 10(a)(7) and 10(a)(9), 63 P.S. §§440(a)(7); 440(a)(9) and this appeal followed.

Section 10(a)(7) and 10(a)(9) state:

"a) The commission may, upon its own motion, and shall, promptly, upon the verified complaint in writing of any person setting forth specifically the wrongful act or acts complained of, investigate any action or business transaction of any licensed real estate broker or real estate salesman; and shall have the power temporarily to suspend or permanently to revoke licenses theretofore issued by the department, under the provisions of this act, at any time when, after due proceedings . . . it shall find the holder thereof to have been guilty.

. . . .

"(7) Of any act or conduct in connection with a real estate transaction which demonstrates *incompetency, bad faith, or dishonesty;* . . . .

"(9) Of failing to *furnish voluntarily a copy of the agreement of sale to the buyer* and the seller, . . . ." (Emphasis added.)

We agree with Commission's adjudication: "[w]e need not move to a discussion of whether or not Respondents knowingly engaged in fraudulent or collusive conduct. The negligence and incompetency is so great as to create a clear violation even if we assume the Respondents merely made mistakes in communication. Respondents cannot be allowed to stand behind their own mistakes to justify the retention of the purchases [deposits]."

We must emphasize that one of the cardinal imports of the Real Estate Brokers' License Act is to regulate abuses which might occur in the sale of real estate arising out of the privileged position of trust and confidence enjoyed by a broker. Where a broker is selling a parcel in which he has an interest individually, and particularly where that broker pressed the forfeiture of a deposit on another sale under similar circumstances, he should strain to demonstrate his good faith. Full disclosure, communication and a detailed explanation of the terms of the agreement of sale are little enough to be expected. Coupling this lack of candor with his failure to give a copy of the final agreement to the buyer until demand was made, causes us without hesitation to say that the Commission did not err when it ordered the suspension of Appellant's licenses under Section 10 of the Act.

Consistent with the foregoing, we

### ORDER

AND NOW, this 10th day of March, 1975, upon consideration of the appeal of Appellants William E. Perry and William E. Perry, Inc., the order of the Commonwealth of Pennsylvania, State Real Estate Commission imposing a six month suspension of the Real Estate Brokers' Licenses of William E. Perry and William E. Perry, Inc. is hereby affirmed.